Per Curiam.

Appellant contends that the Court of Appeals erred in holding that a motion for new trial must be filed in the County Court within four days after judgment.
Section 1913.25, Revised Code, relative to trials in County Courts, provides that “the County Court judge * * * on motion, and being satisfied that the verdict was obtained by fraud, partiality, or undue means, at any time within four days after the entering of judgment, may grant a new trial.” This is a specific statute prescribing the time within which a motion for new trial may be granted in a County Court in civil cases and apparently specifically limits the grounds upon which the County Court may grant a new trial. Such specific statute controls under the facts presented in this case.
Appellant contends further that prohibition is not the proper remedy and may not be used as a substitute for appeal. The Court of Appeals held that the County Court was without jurisdiction to grant a new trial after the expiration of the four-day period, and exercised its discretion in allowing the writ.
The Court of Appeals has the same discretionary power with respect to the allowance of an extraordinary writ as this court, and this court is reluctant to interfere with the exercise by that court of its discretionary power. State, ex rel. Gelman, v. Common Pleas Court of Cuyahoga County, 172 Ohio St., 70; State, ex rel. Lorain County Savings & Trust Co., v. Board of County Commissioners of Lorain County, 171 Ohio St., 306.
The Court of Appeals was not in error in allowing the writ, and its judgment is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias and Bell, JJ., concur.
Radcliff and O’Neill, JJ., dissent.
Radclief, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.